No. 695. ALLEN & ROBINSON, LIMITED, AN HA-WAIIAN CORPORATION, *v.* CHARLES S. DESKY. Exceptions from Circuit Court, First Circuit. Argued March 31, 1913. Decided April 3, 1913. Robertson, C.J., Perry and De Bolt, JJ. Per Curiam: This is an action of assumpsit upon a promissory note executed by the defendant in the usual form and delivered to the plaintiff on the 9th day of August 1906, and payable three years after date. The circuit court, jury

waived, rendered its decision in favor of the plaintiff and judgment was entered in accordance with the decision. The defendant excepted to the ruling of the court denying his motion for judgment, and to the decision and judgment for the plaintiff as being contrary to the law and the evidence. The contention of the defendant was and is that the testimony showed that there was no consideration for the note and that there was no liability on the part of the defendant upon the note. The trial court found that the execution of the note had been duly proved and that a valuable consideration for it had been shown.

There was testimony tending to show that some time prior to the date of the note certain coal and ties had been purchased from the plaintiff by or on behalf of the defendant; that the goods were charged by the plaintiff to the account of the defendant and bills therefor had been rendered to the defendant; that the goods were delivered at the power house of the Pacific Heights Electric Railway Company, Limited, a corporation of which the defendant was president and manager, and had been used solely by the company; that the plaintiff did not know the Pacific Heights Railway Company in the matter; that the manager of the plaintiff corporation, who obtained the note from the defendant, was not aware of the existence of such a company, and supposed that the railway was owned or controlled by the defendant himself; that the note had been given in settlement of the account; and that the defendant, on being requested to pay the bill, said that he had no money but was willing to give a note for the amount and that if he should ever be able to pay the note he would do so.

Counsel for the defendant argues that the debt was that of the Pacific Heights Electric Railway Company and that as there was no agreement on the part of the plaintiff to release that company from its indebtedness, and that as no consideration of any kind moved to the defendant, he was not liable upon the note.

Allen & Robinson, Ltd., v. Desky, 21 Haw. 511.

The defendant, so far as appears, made no objection to the goods being charged to his account or to the bills being rendered to him personally. On being requested to pay the account the defendant did not deny liability, but expressed a willingness to give the note in settlement of the account as above stated. There was ample basis in the evidence for the view that the note was given in payment of an open account which the plaintiff had against the defendant personally. The finding of the trial court that a valuable consideration for the note was proven, being supported by the evidence, is not to be disturbed.

The exceptions are overruled.

*I. M. Stainback* (*Holmes, Stanley & Olson* on the brief) for plaintiff.

*F. W. Milverton* for defendant.